## SPORTSMAN MFG. CO. v. UNITED STATES.

### Civil Action No. 4540.

United States District Court
E. D. Wisconsin.

March 15, 1949.

E. J. Mueller, of Milwaukee, Wis., for plaintiff.

Timothy T. Cronin, U. S. Atty., and E. J. Koelzer, Asst. U. S. Atty., both of Milwaukee, Wis., for defendant.

DUFFY, Circuit Judge (Acting District Judge).

The question here for decision is whether sheepskin gun cases made of tanned sheepskin, with wool attached, could be taxed from October 1, 1941, to and including March 31, 1944, under the manufacturer's excise provision of the Internal Revenue Code[1] as "other traveler's luggage." The gun cases, (oftentimes called gun covers) were manufactured by plaintiff in the usual manner, with the wool on the inside of the case. Such cases are and were utilized for the storage of guns, and also for the transporting of guns when a hunter travels from his home to the place where he intends to hunt. Such cases and covers were and are much used in Wisconsin, due to a State law (Sec. 29.22, Wis. Stats.) which requires that hunters traveling in this State by automobile, and who have their guns or rifles with them, must have the guns and rifles broken down or carry them in a case. A sheepskin, wool-lined, flexible case or cover, similar to those manufactured by plaintiff, is very suitable for that purpose.

Plaintiff made repeated inquiry of the Treasury Department to ascertain whether the excise tax applied to the gun cases manufactured by it, but received only evasive answers. If plaintiff had been advised affirmatively, it could and would have paid the tax and added the amount thereof to the price of the product, as was customarily done by manufacturers whose products were subject to the tax.

Plaintiff was never advised specifically at any time that its gun cases were subject to the tax and plaintiff never filed the requisite monthly reports if the covers were taxable. Collection of the tax was not attempted until after the law had expired. A jeopardy assessment was made and plaintiff thereafter filed a claim in abatement on July 31, 1944. A ruling thereon was not made for nearly two years. On Oc-

[1] Sec. 3406(a) (2) of the Internal Revenue Code, as amended by Sec. 551 of the Revenue Act of 1941, c. 412, 55 Stat. 687, 26 U.S.C.A. § 3406(a) (2).

tober 8, 1946, plaintiff filed a claim for refund, and a ruling thereon was not made until May 4, 1948, after this action had been commenced.

The statute provides:

"There shall be imposed on the following articles, sold by the manufacturer * * a tax equivalent to the rate, on the price for which sold, set forth in the following paragraphs:

* * * * * *

"(2) Luggage. Trunks, valises, traveling bags, suitcases, hat boxes for use by travelers, fitted toilet cases (not including contents), and other traveler's luggage, and leather and imitation leather brief cases, 10 per centum. * * *"

Regulation 46, with respect to other traveler's luggage, provided:

"Sec. 316.100. Scope of tax * * * The term 'other traveler's luggage' includes all other receptacles commonly or commercially designated as luggage and which are designed for the purpose of carrying or conveying by hand or otherwise the effects of a traveler."

It will be noted that the regulation defining "other traveler's luggage" states "all other receptacles *commonly or commercially* designated as luggage." It is certain that the sheepskin, wool-lined, flexible gun cases or covers are neither commonly nor commercially designated as luggage. Such cases are not sold in stores selling trunks, suitcases or other items of traveler's luggage, but are purchasable at sporting goods stores and in sporting goods departments of large stores. Furthermore it is doubtful whether a hunter's rifle or shotgun could properly be classified as "the effects of a traveler."

It is significant that in 1943 when Congress changed the luggage tax to a retailer's excise tax [2] and set forth in detail a list of items included in the designation "luggage," no mention was made of gun cases.

I hold that sheepskin, wool-lined, flexible gun cases or covers as were manufactured by the plaintiff were not properly classified as "other traveler's luggage," and hence were not subject to the manufacturer's excise tax in effect from October 1, 1941, to March 31, 1944. Judgment will go for the plaintiff.

---

[2] Title III of the Revenue Act of 1943, Effective April 1, 1944, 26 U.S.C.A. Internal Rev.Acts (1943), Sec. 302, 26 U.S. C.A. § 1651:

"Sec. 1651. Retailers' excise tax on luggage, etc.

"(a) Tax. There is hereby imposed upon the following articles (including in each case fittings or accessories therefor sold on or in connection with the sale thereof) sold at retail a tax equivalent to 20 per centum of the price for which so sold:

"(1) Trunks, valises, traveling bags, suitcases, satchels, overnight bags, hat boxes for use by travelers, beach bags, bathing suit bags, brief cases made of leather or imitation leather, and salesmen's sample and display cases.

"(2) Purses, handbags, pocketbooks, wallets, billfolds, and car, pass, and key cases.

"(3) Toilet cases and other cases, bags, and kits (without regard to size, shape, construction, or material from which made) for use in carrying toilet articles or articles of wearing apparel."